### SALTUS *v.* BELFORD CO.

*(Supreme Court, General Term, First Department.* April 14, 1892.)

INJUNCTION—BREACH OF CONTRACT.

    In an action by an author against a publisher, growing out of an alleged breach of contract, where no issue is made on the validity or existence of copyrights, an injunction *pendente lite* may issue to restrain defendant from continuing to publish plaintiff's books.

Appeal from special term, New York county.

Action by Edgar Saltus against the Belford Company for an accounting, and for a permanent injunction to restrain defendant from publishing plaintiff's books. Defendant appeals from an order continuing an injunction *pendente lite,* restraining him from publishing plaintiff's books. Affirmed.

The material allegations of the complaint are that at various times prior to the commencement of the action the plaintiff entered into certain written contracts with the defendant in reference to the publication and sale by the defendant of the books, manuscript, and novels therein mentioned; that at the times of making these contracts the plaintiff was and now is the author and owner of said books, manuscripts, and novels, and of all rights arising by reason of such ownership, or in any manner connected therewith; that by said contracts the defendant became liable to render certain accounts and pay certain royalties upon these works to plaintiff at certain specified times, and to obtain for plaintiff, at the defendant's expense, copyrights of the novels mentioned in the various contracts, which were to be owned by the plaintiff,

subject only to the rights of the defendant under the contracts mentioned; that the defendant, although it has published and sold copies of the works in question, and has received large profits from such publication and sale, has nevertheless refused to render the accounts provided for by the contracts, or to pay plaintiff the sums of money which he claims are due him thereunder; that the defendant is now insolvent, and unable to meet its just debts and liabilities, but is still continuing the publication of these books, although it has been duly notified that plaintiff has elected to rescind the contracts in question, and that such further publication will greatly injure the plaintiff.    Judgment is demanded against the defendant, requiring it to account to the plaintiff for the proceeds of the publication and sale of each of these works, and to pay to the plaintiff such proportion of the profits of the said publication and sale as he may be entitled to receive under the agreements mentioned; and the court is also asked for a permanent injunction, restraining "this defendant, its officers, servants, and agents, and all others acting under its authority, or by or under any right or claim through or under said contracts, or any of them, by assignment or otherwise, or by its permission, * * * from printing, publishing, or selling, assigning or transferring, or in any manner disposing of, any copy or copies of the said novels, or any of them."

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*Carter, Pinney & Kellogg,* for appellant.    *A. S. & W. Hutchins,* for respondent.

VAN BRUNT, P. J.    The main ground upon which the appellant claims that the court erred in continuing the injunction herein is the claim that the plaintiff's right to injunctive relief must, if it exists at all, be based upon a valid copyright owned by him upon the books in question, and that, as the papers fail to sufficiently show that the plaintiff is the owner of a valid copyright upon the publication which he seeks to enjoin, such injunction should not be granted, and that, if the papers do adequately show the existence of such copyrights, it follows that the court has no jurisdiction to grant the injunction appealed from, because the court would be powerless to restrain by injunction the publication of any infringing work.    It seems to us, as was said by the court below, that there is no question of copyright involved in this litigation.    It seems to be a question as to whether the defendant has violated its contract with the plaintiff, and that he is therefore entitled to relief.    The allegations of the complaint set out the contract between the plaintiff and the defendant, recognizing certain rights in the plaintiff, and the breach of the same by the defendant, entitling the plaintiff to certain relief; and this relief is entirely independent of the fact as to whether the plaintiff has or has not a copyright in the works being published by the defendant. No matter what may be the rights of all the world except the defendant, under the circumstances of the case, it appeared that by reason of the contract between the plaintiff and defendant the defendant is entitled to continue the publication of the works therein mentioned only upon compliance with the terms of such contract.    This is the agreement between the parties, and it is only for the enforcement of such agreement that the injunction in question is issued.    It is also claimed that, as all the material equities alleged in the papers are met with denials of equal weight in the answer, therefore the injunction should have been vacated.    It is to be observed that the denials are of such a character that, although the allegations in the complaint might be substantially correct, yet the denials might be true.    And it is further to be observed that the allegations in the complaint are fortified by a positive affidavit by a person who is not a party to the action, which affidavit is not denied except so far as it may be controverted by the formal denials contained in the answer.    This would seem almost to be a confession that the substance of the affidavit, at least, could not be gainsaid.    The claim that copies

of the contract should have been annexed to the complaint is not well founded, as there is no pretense but that the defendant is fully informed as to the provisions of the contract in question. The order should be affirmed, with costs. All concur.